UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN HOWARD STINE, JR., | : |
| Plaintiff, | : CIVIL NO. 1:CV-05-2143 |
| v. | : (Judge Caputo) |
| Tpr. JEFFREY M. GOTWALS, | : |
| Defendants. | : |

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On October 20, 2005, Plaintiff John Howard Stine, Jr., then an inmate at the Adams County Adult Correctional Complex in Gettysburg, Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. §1983. Trooper Jeffrey M. Gotwals, an employee of the Pennsylvania State Police, was named as a Defendant. On November 16, 2005, the Court screened the complaint pursuant to 28 U.S.C. §1915, granted Plaintiff *in forma pauperis* standing, and directed service of the complaint on Defendant. (Doc. 10).

On January 23, 2006, Plaintiff notified the Court of his change of address to P.O. Box 319, Fayetteville, Pennsylvania, 17222. (Doc. 17). On July 9, 2007, the Court entered a scheduling Order providing that discovery was to be completed by August 9, 2007, and all dispositive motions were to be filed by October 9, 2007. (Doc. 18). The Court's July 9, 2007 Order was mailed to Plaintiff's Fayetteville address. On July 16, 2007, the Order was returned to the Court as undeliverable with the notations "Return to Sender," "Attempted Not Known," and "Unable to Forward." (Doc. 20).

The Standing Practice Order issued in this case provides, in relevant part, as follows:

> A pro se plaintiff has the affirmative obligation to keep the court informed of his or her address. Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address the plaintiff will be deemed to have abandoned the lawsuit.

(Doc. 6.)

When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of his action is appropriate. See Federal Rule of Civil Procedure 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962). A review of the record in this case reveals that the Court has had no contact from Plaintiff since January 23, 2006 when he advised the Court of his new address. Plaintiff has not contacted the Court since the Court's July 9, 2007 Order was returned as undeliverable.

Defendant also has been unable to contact Plaintiff successfully. On August 10, 2007, Defendant filed a motion to dismiss for lack of prosecution pursuant to Rule 41(b). (Doc. 22). In the brief filed in support of the motion (Doc. 23), Defendant avers that, on July 9, 2007, counsel for Defendant mailed a notice of deposition (Doc. 21) to Plaintiff at his Fayetteville address, and on July 25, 2007, the notice was returned to Defendant's counsel with the notation "Return to Sender, Attempted- Not Known, Unable to Forward." (Doc. 23 at 3). Defendant also avers that, on August 3, 2007 at 1:00 p.m., the date and time set for the deposition of Plaintiff in the notice of deposition, Defendant's counsel and a court reporter convened for the deposition. (*Id.*) Defendant states that the parties waited

for Plaintiff to arrive, and when he did not do so, at 1:35 p.m., Defendant's counsel noted Plaintiff's failure to attend on the record and concluded the deposition.  (*Id.*)

Plaintiff clearly has failed to comply with the requirement of the Court's Standing Practice Order to keep the Court informed of his address.  Plaintiff's failure has prevented the Court from contacting him with regard to proceedings in this action.  Based upon the present circumstances, dismissal of this action for failure to prosecute is warranted.

**ACCORDINGLY**,  **THIS  10th   DAY OF OCTOBER, 2007, IT IS HEREBY ORDERED THAT:**

1. Defendant's motion to dismiss (Doc. 22) is **GRANTED**, and this action is **DISMISSED** without prejudice for failure to prosecute.

2. Any pending motions are dismissed as moot.

3. The Clerk of Court shall serve a copy of this Order on the Defendant named herein.

4. The Clerk of Court shall close this case.

5. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

   /s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge